IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Eddie L. Hall, # 184752; | C/A No. 8:05-1402-TLW-BHH |
| Petitioner; | **REPORT OF THE MAGISTRATE JUDGE** |
| vs. | |
| State of South Carolina; and Henry McMaster, Attorney General of South Carolina; | |
| Respondents. | |

Petitioner, Eddie Hall (hereafter, the "petitioner"), is a state prisoner proceeding *pro se* under Title 28 United States Code Section 2254. By definition, the relief which petitioner seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2241(b)(3). Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

Petitioner is incarcerated at the Evans Correctional Institution, Bennettsville, South Carolina, pursuant to orders of commitment from the Richland County Clerk of Court. On August 15, 1991, the Richland County Grand Jury indicted petitioner for possession with intent to distribute cocaine ("PWID," indictment No. 91-GS-40-4018). On December 12, 1991, the grand jury further indicted petitioner for distribution of crack cocaine (91-GS-40-7539) and trafficking in crack cocaine

(91-GS-40-7541). Petitioner was found guilty as charged by a jury on January 29, 1992. He was sentenced to 25 years imprisonment and a $50,000 fine for trafficking; 15 years concurrent for PWID; and 15 years consecutive and a $25,000 fine for distribution. He seeks relief from these convictions under 28 U.S.C. § 2254

On three prior occasions, petitioner has sought relief from the same convictions under 28 U.S.C. § 2254 in this Court. *See Hall v. South Carolina, et al.*, 3:93-3124-CWH-BM (D.S.C. 1993) (dismissed as a "mixed" petition); *Hall v. Harpootlian, et al.*, 3:93-3124-CWH-BM (D.S.C. 1993) (dismissed to allow exhaustion of state court remedies); *Hall v. South Carolina, et al.*, 8:03-2960-TLW-BHH (D.S.C. 2003) (dismissed on the merits).

This Court may take judicial notice of these prior petitions. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Shop v. Bell & Howell*, 872 F.2d 1178, 1182, 1989 (4th Cir. 1989); *Days v. Bounds*, 509 F. 2d 66 (4th Cir. 1975); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

## ***PRO SE* PETITION**

Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Even under this less stringent standard, however, a *pro se* petition is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the

pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). A court may not construct a party's legal arguments for him or her. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

A careful review has been made of the *pro se* petition pursuant to this standard and the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Nasim v. Warden Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

## **DISCUSSION**

In order for this Court to entertain the current petition, petitioner must seek and obtain a Pre-Filing Authorization (PFA) from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 364 F. 3d 235 (4th Cir. 2004), *cert. denied* — U.S. —, 125 S. Ct. 618 (2004); *In re: Williams*, 330 F. 3d 277 (4th Cir. 2003); *In re: Fowlkes*, 326 F. 3d 542 (4th Cir. 2003).

Accordingly, it is recommended that the above-captioned case be dismissed without prejudice and without requiring the respondents to file a return. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused

by ordering an unnecessary answer or return). Petitioner's attention is directed to the notice on the next page.

                                                      Respectfully Submitted,

                                                      s/Bruce H. Hendricks
                                                      United States Magistrate Judge

July 25, 2005
Greenville, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991).  *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court).  In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  \* \* \*  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  \* \* \*   We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  \* \* \*  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice apprises the petitioner of the consequences of a failure to file specific, written objections.**  *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**
